FAXED
FIRST LEGAL SUPPORT SER

FILED

JUN 30 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EDL

1  PETER B. MARETZ, CA STATE BAR NO. 144826
   ARCH Y. STOKES, GA STATE BAR NO. 683100
2  PAUL E. WAGNER, NY STATE BAR NO. 262018
   ANNE-MARIE MIZEL, PA STATE BAR NO. 44506
3  STOKES ROBERTS & WAGNER
   600 West Broadway, Suite 1150
4  San Diego, CA 92101
   Telephone: (619) 232-4261
5  Facsimile: (619) 232-4840

6  Attorneys for Defendant Ecolab Inc., a Delaware Corporation

7

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 JAMES M. ICARD, an individual; for himself    Case No.   CV 11 3258
   and those similarly situated, and ROES 1
12 through 30,000 and the proposed class,        Action Date: December 21, 2009
                                                 (SF Superior Ct Case No. CGC-09-495344)
13          Plaintiff,

14     v.                                        NOTICE OF REMOVAL OF CIVIL
                                                 ACTION
15 ECOLAB INC., a Delaware Corporation, and
   DOES 1 through 100, inclusive,
16                                               E-filing
            Defendant.
17

18

19

20

21        TO THE CLERK OF THE ABOVE ENTITLED COURT AND PLAINTIFF JAMES M.

22 ICARD AND HIS ATTORNEYS OF RECORD:

23

24        PLEASE TAKE NOTICE that Defendant Ecolab Inc. ("Ecolab") has been named and

25 served as a defendant in the above-captioned matter.  Ecolab now removes the action to this

26 Court pursuant to 28 U.S.C. § 1441.  In support of this Notice of Removal, Ecolab shows as

27 follows:

28

                                                        NOTICE OF REMOVAL
4838-7148-9033.1

1.    A civil action entitled *James M. Icard v. Ecolab Inc.*, Case No. CGC-09-495344, has been commenced and is now pending against Ecolab in the Superior Court of San Francisco County, California.  The Superior Court of San Francisco County is embraced by this Court's District.

2.    A Second Amended Class Action Complaint was filed in the Superior Court of San Francisco County on June 1, 2011, and served upon the Defendant on June 6, 2011.  A copy of the Second Amended Class Action Complaint in said action is attached hereto as "Exhibit A."

3.    Plaintiff James M. Icard is a citizen of the State of California, residing at 1312 El Camino Real, Burlingame, California.  *See* Complaint ¶ 1; 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).

4.    Ecolab is a Delaware corporation whose principal place of business is located at 370 N. Wabasha Street, St. Paul, Minnesota.  *See* Declaration of James R. Rollwagen.  Ecolab, therefore, is deemed a citizen of Delaware and Minnesota pursuant to 28 U.S.C. § 1332(c)(1); *see also Bank of Calif. National Association v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-492 (9th Cir. 1972).

5.    Although the complaint names "Does 1-100, inclusive" as defendants, 28 U.S.C. § 1441(a) provides, "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."  *See also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

6.    The Second Amended Class Action Complaint is filed on behalf of a putative class whose potential damages, pursuant to the claims made therein, exceed Five Million Dollars ($5,000,000), exclusive of costs.  The plaintiff, who, as a class action plaintiff, asserts that his claim is "typical", is seeking as much as $31,950 in damages.  A copy of the plaintiff's Reply to

2                           NOTICE OF REMOVAL

1   Defendant Ecolab Inc.'s Opposition to Plaintiff's Motion to Remand, Case No. 4:10-cv-00410-

2   PJH, Doc. 53, 6/8/10, is attached hereto as "Exhibit B". *See* page 3 of Exhibit B for plaintiff's

3   asserted damages.  He has also sought attorneys' fees.

4

5         7.      Adopting plaintiff Icard's claim as "typical", a calculation has been done to estimate

6   the total damages being sought by the putative class.  The calculation, which divides Mr. Icard's

7   potential claim by the number of weeks he worked, reveals that the claims of the entire class, of

8   which Mr. Icard claims to be typical, would amount to a total of $5,754,400.98, exclusive of

9   interest, costs, and attorneys' fees.

10

11        8.      The number of members of the putative class, as defined in the Second Amended

12  Class Action Complaint, is at least 170.

13

14        9.      As a result, although Ecolab disputes all of Plaintiff's claims and requests for relief

15  thereon, based upon the allegations in Plaintiff's Complaint and assuming, *arguendo*, Plaintiff

16  were able to recover upon these claims, complete diversity of citizenship exists between the

17  parties, the number in the class exceeds 100, and the amount in controversy exceeds $5,000,000.

18  As a result, this case is within the Court's original jurisdiction based on diversity of citizenship

19  and the Class Action Fairness Act, 28 U.S.C. § 1332(d).

20

21        10.     Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action within this

22  Court's original jurisdiction to this Court.

23

24        11.     This Notice of Removal is timely in that it has been filed within thirty (30) days of

25  Ecolab's first receipt of the Second Amended Class Action Complaint, on or about June 6, 2011.

26  28 U.S.C. § 1441(b).

27

28

---

3                                    NOTICE OF REMOVAL

4930.7149.9031.1

1

**NOTICE TO PLAINTIFF**

2      12.   Contemporaneously with the filing of this Notice of Removal in the United States

3    District Court for the Northern District of California, written notice of such filing will be served

4    on Plaintiff's counsel of record.  In addition, a copy of this Notice of Removal will be filed with

5    the Clerk of the Court for the Superior Court of the County of San Francisco, California.

6

7         WHEREFORE, having provided notice as required by law, Ecolab removes the aforesaid

8    state court action to this Court under the style shown above.

9

10   DATED:  June 30, 2011                            STOKES ROBERTS & WAGNER

11

12                                                    By: _____

13                                                    PETER B. MARETZ
                                                      ARCH Y. STOKES
14                                                    PAUL E. WAGNER
                                                      ANNE-MARIE MIZEL
15                                                    Attorneys for Defendant
                                                      Ecolab Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

4                                NOTICE OF REMOVAL

# EXHIBIT A

1  Daniel J. Palay, SBN 159348
   djp@palaylaw.com
2  Jenna H. Strauss, SBN 246703
   jhs@palaylaw.com
3  PALAY LAW FIRM
   121 N. Fir Street, Ste. F
4  Ventura, CA  93001
   Telephone:  (805) 641-6600
5  Facsimile:  (805) 641-6607

6  Alejandro P. Gutierrez, SBN 107688
   agutierrez@hathawaylawfirm.com
7  LAW OFFICES OF HATHAWAY, PERRETT, WEBSTER,
      POWERS, CHRISMAN & GUTIERREZ
8  A Professional Corporation
   200 Hathaway Building
9  5450 Telegraph Road
   Post Office Box 3577
10 Ventura, CA  93006-3577
   Telephone: (805) 644-7111
11 Facsimile:  (805) 644-8296

12 Attorneys for Plaintiff and the Putative Class

13

14            SUPERIOR COURT OF THE STATE OF CALIFORNIA

15               FOR THE COUNTY OF SAN FRANCISCO

16

17 JAMES ICARD, an individual; for himself and    ) CASE NO:   CGC-09-495344
   those similarly situated and ROES 1 through     )
18 30,000 and the proposed class,                  ) Action Date:  December 21, 2009
                                                   )
19              Plaintiff,                         ) CLASS ACTION
                                                   )
20       vs.                                       ) SECOND AMENDED CLASS ACTION
                                                   ) COMPLAINT FOR:
21 ECOLAB, INC., a Delaware Corporation; and       )
   DOES 1 through 100, inclusive,                  ) 1)  WAGES OWED;
22                                                 )
              Defendants.                          ) 2)  VIOLATION OF BUSINESS &
23                                                 )     PROFESSIONS CODE SECTION
                                                   )     17200; AND
24                                                 )
                                                   ) 3)  VIOLATION OF CALIFORNIA
25                                                 )     LABOR CODE SECTION 226
                                                   )
26                                                 )

27

28

                                   1

1    TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2           COME NOW, PLAINTIFF, JAMES ICARD, and ROES 1 through 30,000 and the proposed

3    class, and submits the following Second Amended Complaint against DEFENDANT ECOLAB, INC.,

4    and each of them, as follows:

5           1)    At all times herein mentioned, PLAINTIFF, JAMES ICARD is an individual, is a

6    resident of the State of California and was working for the Defendants in the City of San Francisco,

7    County of San Francisco, State of California.

8           2)    At all times herein mentioned ECOLAB, INC. (herein referred to as "ECOLAB" or

9    "Employer") is a Delaware corporation doing business in the State of California.

10          3)    Venue is appropriate in San Francisco County because members of the class performed

11   work in San Francisco County for which they were not paid and DEFENDANTS engage in business in

12   San Francisco County.

13          4)    PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS DOES 1

14   through 100, inclusive, and by reason thereof sues said DEFENDANTS by their fictitious names.

15   PLAINTIFF will ask leave of Court to amend this complaint to allege the true names and capacity of

16   said Doe DEFENDANTS when same have been fully and finally ascertained.

17                          **CLASS ACTION ALLEGATIONS**

18          5)    PLAINTIFF brings this action on his own behalf, and behalf of all persons similarly

19   situated.  The class represents and consists of all employees of ECOLAB, who are/were Route

20   Managers or Route Sales Managers, who have worked in California between December 2005 and the

21   date of the granting of class certification, who do/did not cross state lines in performance of their

22   duties, and have not received full and correct pay for all hours worked and have not received accurate

23   itemized wage statements required pursuant to Labor Code section 226, and who have not fully and

24   completely released all of the claims made in this lawsuit.  The class represents over 200 persons and

25   is so numerous that the joinder of each member of the class is impracticable.

26          6)    There is a well defined community of interest in the questions about law and fact

27   affecting the class PLAINTIFF represents.  The putative classes' members' claims against

28   DEFENDANTS involve questions of common or general interest, in that each putative class member

1   was employed by DEFENDANTS and each was erroneously classified as exempt from overtime and

2   not paid wages owed. These questions are such that proof of a state of facts common to the members

3   of the putative class will entitle each member of the class to the relief requested in this complaint.

4         7)    PLAINTIFFS will fairly and adequately represent the interest of the class, because

5   PLAINTIFF is a member of the class and PLAINTIFF'S claims are typical of those in the putative

6   class.

7

8                      **FIRST CLASS OF ACTION**

      **(Action brought by Plaintiff and Roes 1 through 30,000, inclusive, for Failure to Pay Wages**

9                 **Against ECOLAB, Inc. and DOES 1 through 100)**

10        8)  .  PLAINTIFF refers to paragraphs 1 through 7, and incorporates same by reference as

11   though fully set forth at length.

12      .    9)    PLAINTIFF and the putative class members are employees who worked or have been

13   working for DEFENDANT during the period of December 2005 through the present. PLAINTIFF and

14   the putative class worked as non-exempt employees for DEFENDANT. Specifically, Plaintiff JAMES

15   ICARD was employed by DEFENDANT as a Route Sales Manager between 2008 and 2010. Based

16   upon the time records reviewed, PLAINTIFF ICARD is owed less than $20,000.00 in unpaid overtime

17   wages and interest.

18        10)    PLAINTIFF and all members of the putative class regularly worked hours for which

19   they were not paid the correct hourly wage. Specifically, PLAINTIFF and each putative class member

20   was misclassified as an exempt employee and was not paid overtime/doubletime in accordance with

21   California law. Further, PLAINTIFF and each putative class member did not receive all lawful meal

22   periods in accordance with California law. It is alleged that DEFENDANT intentionally denied the

23   class wages which should have been paid and violated California *Labor Code* section 510 and

24   applicable IWC wage orders.

25        11)   *Labor Code* section 200 defines "wages" as including all amounts for labor performed

26   by employees of every description, whether the amount is fixed or ascertained by the standard of time,

27   task, piece, commission basis, or other method of calculation.

28

3

**SECOND AMENDED COMPLAINT**

12) California *Labor Code* section 202 provides that all wages shall become due and payable not later than 72 hours after the employee provides notice of his intention to quit. In this case, DEFENDANTS and each of them, have refused and continue to refuse PLAINTIFFS' wages.

13) DEFENDANTS have willfully failed to pay without abatement or reduction, in accordance with *Labor Code* sections 201 and 202, all of the wages of PLAINTIFFS. DEFENDANTS are aware that they owe the wages claimed, yet they have willfully failed to make payment. As a result, PLAINTIFFS seek wages and penalties pursuant to *Labor Code* section 203.

14) PLAINTIFF and the putative class have been available, and ready to receive wages owed to them, including overtime wages.

15) PLAINTIFF and the putative class have never refused to receive any payment, nor have PLAINTIFFS been absent from their regular place of residence.

16) DEFENDANTS' failure to pay PLAINTIFFS' wages due and owing PLAINTIFFS as alleged hereinabove, was willful, in that DEFENDANTS have knowingly refused to pay any portion of the amount due and owing PLAINTIFFS.

17) Pursuant to *Labor Code* sections 218.5 and §1194, PLAINTIFF requests the Court to award PLAINTIFFS' reasonable attorneys' fees and costs incurred in this action. PLAINTIFFS also request all unpaid wages, waiting time penalties and interest.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS, and each of them, as follows:

1. For wages owed according to proof;
2. For prejudgment interest at the statutory rate;
4. For statutory penalties;
5. For reasonable attorneys' fees pursuant to *Labor Code* sections 218.5 and 1194;
6. For costs of suit; and,
7. For any other and further relief that the Court considers just and proper.

//

//

4

SECOND AMENDED COMPLAINT

**SECOND CAUSE OF ACTION**
(Action brought by all Plaintiffs and Roes 1 through 30,000, inclusive,
for Unfair Competition/Violation of Business and Professions Code §17200
Against ECOLAB, Inc. and DOES 1 through 100)

18)   PLAINTIFF refers to paragraphs 1 through 17, and incorporates same by reference as though fully set forth at length.

19)   This cause of action is being brought pursuant to *Business and Professions Code* section 17200 and the California case law, including *Cortez v. Purolator Air Filtration Products Co.* (2000) 96 Cal.Rptr.2nd 518.

20)   It is alleged that DEFENDANTS have willfully failed to pay employees wages owed. They actions alleged hereinabove, specifically, DEFENDANTS' failure to pay both current employees and past employees wages which are owed constitutes an unfair business practice under California *Business and Professions Code* section 17200.

21)   As a result of the conduct of DEFENDANT ECOLAB, Inc. and Does 1 through 100, DEFENDANTS profited from breaking the law. PLAINTIFFS seek disgorgement of this unlawfully obtained benefit.

22)   California *Business and Professions Code* section 17203 provides in relevant part as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 282 of the Code of Civil Procedure, but these limitations do not apply to claims brought under his chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.

23)   As a result of the alleged aforesaid actions by DEFENDANTS and each of them, PLAINTIFF and the putative class have suffered injury in fact and have lost money as a result of such unfair competition.

24)   In this case, it is requested that this Court order such restitution.

5

SECOND AMENDED COMPLAINT

1    WHEREFORE, PLAINTIFFS demand judgment against DEFENDANTS and each of them, as

2  follows:

3        1.    For an equitable order, ordering DEFENDANTS to pay all former and current

4  non-exempt employees all wages, interest, and penalties they are owed;

5        2.    For an appointment of a receiver to perform an accounting of all monies owed to these

6  former and current employees;

7        3.    For any and all injunctive relief this Court deems necessary pursuant to California

8  *Business and Professions Code* section 17203;

9        4.    For attorneys' fees and costs;

10       5.    For prejudgment interest pursuant to *Civil Code* sections 3288 and 3291 on all amounts

11  claimed; and

12       6.    For any other and further relief that the Court considers just and proper.

13                        **THIRD CAUSE OF ACTION**

14            **(Action brought by Plaintiffs and Roes 1 through 30,000,**

15                **Inclusive for Violation of *Labor Code* §226**
                   **Against ECOLAB, Inc. and DOES 1 through 100)**

16
         25)    PLAINTIFF refers to paragraphs 1 through 24, and incorporates same by reference as
17
   though fully set forth at length.
18
         26)    California *Labor Code* section 226 provides:
19

20       Every employer shall, semimonthly or at the time of each payment of wages, furnish
         each of his or her employees, either as a detachable part of the check, draft, or voucher
21       paying the employee's wages, or separately when wages are paid by personal check or
         cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours
22       worked by the employee, except for any employee whose compensation is solely based
         on a salary and who is exempt from payment of overtime under subdivision (a) of
23       Section 515 or any applicable order of the Industrial Welfare Commission, (3) the
         number of piece-rate units earned and any applicable piece rate if the employee is paid
24       on a piece-rate basis, (4) all deductions, provided, that all deductions made on written
         orders of the employee may be aggregated and shown as one item, (5) net wages
25       earned, (6) the inclusive dates of the period for which the employee is paid, (7) the
         name of the employee and his or her social security number, (8) the name and address
26       of the legal entity that is the employer, and (9) all applicable hourly rates in effect
         during the pay period and the corresponding number of hours worked at each hourly
27       rate by the employee.

28
                                    6

27)   In this case, DEFENDANTS have knowingly and intentionally failed to provide such wage deduction statements.   The total hours worked per payroll period were not provided and the applicable hourly rate was not provided. The failure to provide such wage-deduction statements was not an accident. DEFENDANTS have failed and continue to fail to provide such wage deductions statements.

28)   PLAINTIFF and the putative class have been damaged by this failure to provide these statements. Specifically, and as set forth in *Wang v. Chinese Daily News, Inc.* (C.D.Cal.2006) 435 F.Supp.2d 1042, plaintiff and the putative class have had to reconstruct the number of overtime hours worked and perform arithmetic computations to determine what he is owed [an employee suffers injury because (1) the employee might not be paid overtime to which she was entitled and (2) the absence of an hourly rate prevents an employee from challenging the overtime rate paid Id, See also *Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949, 955, 35 Cal.Rptr.3d 243 (2005). (explaining that Section 226 is violated if employees are required to perform "arithmetic computations" to determine their hourly rates)]

29)   Pursuant to California *Labor Code* section 226.3, damages are appropriate according to proof at the time of trial.

30)   Pursuant to *Labor Code* section 226(e), PLAINTIFF requests the Court to award PLAINTIFF reasonable attorneys' fees and costs incurred by PLAINTIFF in this action. PLAINTIFF also requests an injunction and/or order that the DEFENDANTS provide these wage deductions statements to PLAINTIFF and the putative class.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS, and each of them, as follows:

1.   For an injunction ordering the DEFENDANTS to provide the wage statements pursuant to California *Labor Code* section 226(g) to Plaintiff;

2.   For compensatory damages and penalties pursuant to California *Labor Code* sections 226 and 226.3, *et. seq.*;

3.   For reasonable attorney's fees, pursuant to law (*Labor Code* §226(e));

4.   For costs of suit; and

7

SECOND AMENDED COMPLAINT

5.   For any other and further relief that the Court considers proper.

DATED:      June ___, 2011                   PALAY LAW FIRM

                                             By _____
                                             Daniel J. Palay
                                             Attorneys for Plaintiff and the Putative Class

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PALAY LAW FIRM, 121 N. Fir Street, Suite F, Ventura, California 93001. On June **O**, 2011, I served the within documents: **SECOND AMENDED CLASS ACTION COMPLAINT FOR: 1) WAGES OWED; 2) VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200; AND 3) VIOLATION OF CALIFORNIA LABOR CODE SECTION 226**

_____ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

__X__ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Ventura, California addressed as set forth below.

_____ by placing the document(s) listed above in a sealed envelope and depositing for pick-up in a designated FedEx box via **FedEx Overnight** delivery at Ventura, California addressed as set forth below.

### SEE ATTACHED MAILING LIST

_____ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June **O**, 2011, at Ventura, California.

MONIQUE MARTINEZ

9
**SECOND AMENDED COMPLAINT**

Re: *Icard v. Ecolab, Inc.*
San Francisco County Superior Court
Case No. CGC-09-495344

## MAILING LIST

Peter B. Maretz, Esq.
Arch Y. Stokes, Esq.
Paul E. Wagner, Esq.
Anne-Marie Mizel, Esq.
STOKES ROBERTS & WAGNER, ALC
One America Plaza
600 W. Broadway, Suite 1150
San Diego, CA 92101-3354
Telephone: (619) 232-4261
Facsimile: (619) 232-4840
E-mails: pmaretz@stokesroberts.com
         astokes@stokesroberts.com
         pwagner@stokesroberts.com
         amizel@stokesroberts.com
(Attorneys for Defendant ECOLAB, INC.)


Arch Y. Stokes, Esq.
STOKES ROBERTS & WAGNER, ALC
3593 Hemphill Street
Atlanta, GA 30337
Telephone: (404) 766-0076
Facsimile: (404) 766-8823
E-mail: astokes@stokesroberts.com
(Attorneys for Defendant ECOLAB, INC.)


Alejandro P. Gutierrez, Esq.
LAW OFFICES OF HATHAWAY, PERRETT, WEBSTER,
   POWERS, CHRISMAN & GUTIERREZ
A Professional Corporation
200 Hathaway Building
5450 Telegraph Road
Post Office Box 3577
Ventura, CA 93006-3577
Telephone: (805) 644-7111
Facsimile: (805) 644-8296
E-mail: agutierrez@hathawaylawfirm.com
(Co-counsel for Plaintiffs)

10

SECOND AMENDED COMPLAINT

# EXHIBIT B

1   Daniel J. Palay, SBN 159348
    djp@palaylaw.com
2   Jenna H. Strauss, SBN 246703
    jhs@palaylaw.com
3   PALAY LAW FIRM
    1484 E. Main Street
4   Ventura, CA  93001
    Telephone:  (805) 641-6600
5   Facsimile:  (805) 641-6607

6   Alejandro P. Gutierrez, SBN 107688
    aguttierez@hathawaylawfirm.com
7   LAW OFFICES OF HATHAWAY, PERRETT, WEBSTER,
        POWERS, CHRISMAN & GUTIERREZ
8   A Professional Corporation
    200 Hathaway Building
9   5450 Telegraph Road
    Post Office Box 3577
10  Ventura, CA  93006-3577
    Telephone: (805) 644-7111
11  Facsimile: (805) 644-8296

12  Attorneys for Plaintiff and the Putative Class

13

14               UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16

17  JAMES ICARD, an individual; for himself and      )   CASE NO:  CV-10-00410 PJH
    those similarly situated and ROES 1 through      )
18  30,000 and the proposed class,                   )   Action Date: December 21, 2009
                                                     )   (SF Superior Court Case No. CGC-09-495344)
19                                                   )
                                                     )   CLASS ACTION
20              Plaintiff,                            )
                                                     )   PLAINTIFF'S REPLY TO DEFENDANT
21                                                   )   ECOLAB, INC.'S OPPOSITION TO
         vs.                                         )   PLAINTIFF'S MOTION TO REMAND
22                                                   )
                                                     )   Date:        June 23, 2010
23  ECOLAB, INC., a Delaware Corporation; and        )   Time:        9:00 a.m.
    DOES 1 through 100, inclusive,                   )   Courtroom:   3, 3rd Floor (Oakland)
24                                                   )
                                                     )   District Judge:Hon. Phyllis J. Hamilton
25                                                   )
                Defendants.           .              )
26                                                   )   District Judge:  Hon. Phyllis J. Hamilton
                                                     )   Courtroom:   3, 3rd Floor
27  ─────────────────────────────────

28
                                          1
    ─────────────────────────────────────────────────────────
    PLAINTIFF'S REPLY TO DEFENDANT ECOLAB, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
                                                              CV-10-00410 PJH

I.

## INTRODUCTION

The Defendant makes two arguments in its opposition as to why the matter should not be remanded. Both arguments are flawed. First, Defendant attempts to perform "fuzzy math" to artificially inflate the value of the individual plaintiff's underlying case. As will be shown, the Defendant's math in this regard is unsupported by the California statutes and law on point

Second, the Defendant attempts to argue that Plaintiff's attorney's fees will greatly exceed the jurisdictional minimum because these fees are to be calculated based upon their speculative total at the conclusion of the case. This fails to accurately portray the underlying law in this matter because for purposes of determining federal jurisdiction, the amount of fees incurred at the time of removal are to be used. 9th Circuit law is dispositive in this regard. As will be shown, the Defendant simply cannot prevail in its burden to show that removal was appropriate in this matter.

II.

## THE DEFENDANT'S ATTEMPT TO ARTIFICIALLY INFLATE THE
## VALUE OF PLAINTIFF'S CLAIM IS INCONSISTENT WITH THE LAW

In its Opposition, the Defendant attempts to persuade the Court that Plaintiff's actual claim is for $55,500.00. Based upon the law and facts in this matter, Plaintiff cannot make such an inflated claim.

Initially, the Defendant claims that Plaintiff will assert a claim for meal and rest breaks. The fact is, Plaintiff is not asserting a claim for rest breaks at all. Thus, based upon the Defendant's analysis, the maximum amount that the Plaintiff could be awarded for missed meal breaks is $5,800.00, not $11,600.00 as the Defendant attempts to portray.

The Defendant also indicates that Plaintiff will be claiming a penalty under IWC Wage Order 17-2001. Such a penalty is only collectible pursuant to California Labor Code section 558. No such claim for Labor Code section 558 penalties is being made in this case.

With regard to waiting time penalties (*California Labor Code section* 203) and wage statement penalties (*California Labor Code section* 226), using the Defendant's math, the most Plaintiff can

2

1  obtain is $6,150.00 in total [$3,500.00 in waiting time penalties and $2,650.00 for wage statement
2  penalties].

3      Defendant's claim that Plaintiff can claim liquidated damages is severely flawed.
4  Unfortunately for the Plaintiff, *California Labor Code* section 1194.2(a) indicates that such damages
5  cannot be obtained in this case. This code section relates that liquidated damages are only available
6  where there is a failure to pay the minimum wage. It provides:

8        In any action under Section 1193.6 or Section 1194 to recover wages
      because of the payment of a wage less than the minimum wage fixed by
9        an order of the commission, an employee shall be entitled to recover
      liquidated damages in an amount equal to the wages unlawfully unpaid
10       and interest thereon. **Nothing in this subdivision shall be construed to**
      **authorize the recovery of liquidated damages for failure to pay**
11       **overtime compensation.** [emphasis added]

12 Specifically, liquidated damages are not permissible for the failure to pay overtime compensation and
13 are not being claimed in this case. Here, the statute only permits liquidated damages for *wages*, not
14 penalties anyway. Thus, the Defendant's claim that Plaintiff can seek an additional $35,500.00 in
15 liquidated damages is untenable and unsupported. The Defendant has attempted to persuade this
16 Court that Plaintiff can collect additional amounts by doubling all of the penalties owed. The statute
17 clearly indicates otherwise.

18     As a result, assuming the Plaintiff is owed $20,000.00 in overtime wages and interest, the most
19 he could recover for these wages, the meal period wages owed, and the penalties is a total of
20 $31,950.00. Adding the maximum attorney's fees incurred at or prior to the time of the removal totals
21 less than $37,000.00.

22                       III.

23    **THE DEFENDANT CANNOT SUSTAIN ITS BURDEN TO SHOW THAT PLAINTIFF'S**
24      **ATTORNEY'S FEES WILL EXCEED THE JURISDICTIONAL REQUIREMENT**

25     In its opposition, the Defendant attempts to persuade this Court that it should ignore the 9th
26 Circuit's precedent in this matter concerning the calculation of attorney's fees for purposes of federal
27 jurisdiction. This Circuit has held that "when estimating attorney's fees for the purposes of
28 establishing jurisdiction, the only fees that can be considered are those incurred as of the date of

1   removal." [emphasis added].  See *Conrad Associates v. Hartford Accident and Indemnity Company*,

2   994 F.Supp. 1196, 1200 (N.D. Cal. 1998) (declining to consider attorney's fees spent after the date of

3   removal).   The Defendant completely fails to address the case law cited in Plaintiff's motion,

4   including *Dukes v. Twin City Fire Insurance Company* (January 6, 2010, 2010 W.L. 94109) and

5   *Faulkner v. Astro-Med, Inc.* No. C 99-2562 SI, 1999 WL 820198 at 4, 1999 U.S. Dist. LEXIS 15801,

6   at 9 (N.D. Cal., October 4, 1999).

7           As recently as January of this year, the 9th Circuit has confirmed this holding.  "This Court

8   concludes that the better view is that attorneys' fees incurred after the date of removal are not properly

9   included because the amount in controversy is to be determined as of the date of removal." *See Abrego*

10  *v. Dow Chem. Co.,* 443 F.3d 676, 690 (9th Cir.2006), *Dukes v. Twin City Fire Insurance Company*

11  (January 6, 2010, 2010 W.L. 94109).   To hold otherwise would allow every diverse Defendant to

12  claim removal whenever there is an attorney's fees provision or statute.

13          However, even assuming that the Ninth Circuit cases referenced above are somehow

14  inapplicable, the Defendant is simply "guessing" at what Plaintiff's future attorney's fees may be.

15  This type of guessing does not sustain the Defendant's burden of proof in this regard.   Future

16  attorneys' fees are entirely speculative, may be avoided, and are therefore not "in controversy" at the

17  time of removal.  *Dukes, supra.*   As held by the Ninth Circuit in *Gaus v. Miles,* 980 F.2d 564, 567

18  (9th Cir.1992) a speculative argument regarding the anticipated value of the award is insufficient to

19  support diversity jurisdiction.

20          WHEREFORE, Plaintiff James Icard respectfully requests that Plaintiff's Motion for Remand

21  be granted.

22  Dated:  June 8, 2010                               PALAY LAW FIRM

23

24                                                      */s/ Daniel J. Palay*

25                                                      DANIEL J. PALAY
26                                                      Attorneys for Plaintiff

27

28